UNITED STATES, Appellee,

v.

Private E–2 David A. ADOLPH, SSN 020–50–3272, United States Army, Appellant.

CM 441580.

U. S. Army Court of Military Review.

30 April 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Captain David M. England, JAGC, and Captain Richard W. Vitaris, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Kenneth H. Clevenger, JAGC, and Captain Daniel N. Velling, JAGC, were on the pleadings for appellee.

Before MITCHELL, MILLER and LEWIS, Appellate Military Judges.

OPINION OF THE COURT

MITCHELL, Senior Judge:

The issue in this case is whether the military judge erred when he permitted the Government to refuse to disclose the identity of a telephone caller who informed military authorities that the appellant "was about ready" to turn in a stolen rifle. We hold that the military judge did not err and affirm.

The appellant was charged with and ultimately convicted of larceny of an M–16 rifle.* At trial the Government relied on

---

* A violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1976). The appellant was additionally charged with, but acquitted of, wrongfully disposing of the M–16 rifle. He was also acquitted of larceny of a protective mask. His sentence provided for a

the testimony of three principal witnesses, Privates Larry E. Johnson, Leo Lenneman, and Richard A. Likins. Johnson testified that on 28 March 1981 he had drawn his assigned M–16 rifle from the unit armorer. Because he was not going into the field until later, he stored the weapon in a room assigned to the appellant, Private Lenneman, and a third soldier. At the time he left the rifle in the room only the appellant was present. When he later returned both the appellant and the rifle were missing. Both Lenneman and Likins testified that the appellant had admitted taking the weapon. Likins recalled that the appellant had said he was going to sell the rifle. In defense the appellant claimed that he took the rifle and gave it to Likins in order to get Johnson into trouble. He believed that Likins would return the weapon to Johnson. The appellant maintained that he had not seen the rifle since he gave it to Likins. The rifle was never recovered.

Major John T. Gendron was the executive officer in appellant's battalion and the individual responsible for coordinating the battalion's in-house investigation into the stolen weapon. During the investigation a telephone caller tipped him off that the appellant was about ready to turn the weapon in. The tip proved false. When requested at trial by defense counsel to disclose the caller's identity, Major Gendron refused. Counsel then moved the military judge to order Major Gendron to reveal the identity of the tipster. The Government responded that it would "play with privileges" as to the identity of the caller. The military judge after inquiring into the materiality of the potential witness denied the motion.

■ In general, the Government has a privilege under Mil.R.Evid. 507(a) to withhold from disclosure the identity of individuals furnishing information of violations of law "to a person whose official duties include the discovery, investigation, or prosecution of crimes." The purpose of the rule is to encourage citizens to communicate their knowledge of crimes to appropriate officials by preserving their anonymity and so serve the public interest in furthering effective law enforcement. *United States v. Roviaro*, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957). Section (b) provides that "an appropriate representative of the United States" may claim the privilege at trial except where the prosecution objects.

A limitation on the applicability of the privilege arises from fundamental requirements of due process under the Fifth Amendment to the Constitution. Thus, section (c)(2) of the rule requires that the privilege give way if the informer's identity or the substance of his communication is relevant and material to the accused's defense.

■ First, appellant argues that the source who called Major Gendron was not an "informant" because the communication was not made "to a person whose official duties include the discovery, investigation, or prosecution of crime." Appellant suggests that this language should be construed to limit the scope of privileged communications to law enforcement officers and prosecutors, excluding generally command personnel. This argument is at odds with the drafter's analyses of the rule which provides that the rule "includes good citizen reports to *command* or police, as well as the traditional 'confidential informants.'" (Emphasis added.) Manual for Courts-Martial, United States, 1969 (Revised edition), Appendix 18–83; S. Saltzburg, L. Schinasi, D. Schleuter, Military Rules of Evidence Manual, 259 (1981). Moreover, construing the scope of the rule to include members of the command such as Major Gendron serves to foster the purpose of the rule by opening a natural channel of communication and encouraging the free flow of information in the military jurisdiction.

Appellant next argues that Major Gendron was not an "appropriate person" with-

dishonorable discharge, confinement at hard labor for eighteen months, total forfeitures, and reduction to Private E–1. The convening authority reduced the confinement to twelve months but otherwise approved the sentence.

in the meaning of section (b) to assert the privilege. This argument is rendered moot as we find that the Government's counsel intended to assert the privilege by stating it would "play with the privilege as to the identity of [the informant]." Clearly, trial counsel is an "appropriate person" to assert the privilege.

Finally, appellant argues that the exception under section (c)(2) applies as disclosure of the identity of the source was necessary to the appellant's defense. As noted above, the appellant's counsel defended on the basis that he took the weapon as a prank in order to get Johnson into trouble. Appellant maintained that he gave the weapon to Likins and never saw it again. With this in mind, we fail to see how the testimony of the caller would be relevant or material to the appellant's theory. Instead, the caller had he testified, would have contradicted the appellant's testimony by placing possession of the weapon in the appellant rather than in Likins. The appellant carries the burden to establish the relevancy of the informant's testimony and this burden is not satisfied by mere speculation. *United States v. Bennett*, 3 M.J. 903 (A.C. M.R.1977). The caller's communication to Major Gendron did not reveal that he participated in purloining the weapon or that he was personally aware of its whereabouts. So far as it appears, the source was a mere tipster and more is required before the privilege of nondisclosure must yield.

The findings of guilty and the sentence are affirmed.

Judge MILLER and Judge LEWIS concur.